1
2
3
4

Patrick H. Dwyer, SBN 137743
P.O. Box 1705
Penn Valley, CA 95946
Tel: (530) 432-5407; fax: (530) 432-9122
Email: pdwyer@pdwyerlaw.com
Attorney for Plaintiff Christopher Langley

5

6
7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9
10
11
12
13
14
15
16
17
18
19
20
21

Christopher Langley, an individual,

    Plaintiff

       v.

Placer County, California, a county

    government;

Placer County Sheriff's Office; and

    the following persons as individuals

    and as employees of the Placer

    County Sheriff's Office:

Sheriff Devon Bell,

Deputy Frank Domeier,

Deputy McNamara; and

Does 1 through 30,

    Defendants.

CASE NO. 2:17-CV-0760 GEB KJN

**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF 42 U.S.C. §1983; VIOLATIONS OF CALIFORNIA CIVIL CODE §51; ASSAULT AND BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENCE; AND RESPONDEAT SUPERIOR LIABILITY**

**JURY TRIAL DEMANDED**

22
23

## I.
## INTRODUCTION

24
25
26
27

    This is a civil rights action arising out of the beating of Christopher Langley while he was handcuffed and lying down submissively in a holding cell in the Placer County Auburn jail. Not only was the beating of Mr. Langley unprovoked, his

28

1

written complaints about this unlawful use of force, just like numerous complaints by other inmates, were ignored and covered up.

Mr. Langley suffered multiple injuries as a result of the beating.  However, each time he submitted a request for medical assistance, there was either no response or a very delayed response.  It took several days just to see a nurse and another two weeks to see a doctor.   As of the date of filing of this First Amended Complaint (about eight months after the incident), Mr. Langley still has not received the MRI scan ordered by his doctor and his injuries remain otherwise untreated.

The Sheriff's Office has an extensive video surveillance system at the Auburn Jail that monitors almost every area.  When an inmate's complaint about unlawful force is received by the Sheriff's Office, it is a simple process to use the video system to investigate.  Mr. Langley alleges that the PCSO has failed to use the video surveillance system for adequate supervision of its correctional staff.  More importantly, it has either failed to use the video system to investigate complaints, or it has concealed video evidence about the unlawful use of force against inmates.

## II.
## JURISDICTION AND VENUE

1.      Jurisdiction over the federal causes of action under Title 42 U.S.C. §1983 are proper in this Court under 28 U.S.C. §1331.  Pendant Jurisdiction over the state causes of action is proper under Title 28 U.S.C. §1367(a) and Title 28 U.S.C. §1343(a)(3).

2

2.    Venue is proper in this Court under 28 U.S.C. §1391(b) because all of the defendants reside, and the acts complained of occurred, within the territorial boundaries of this United States District Court.

3.    Intra-district venue is proper in the Sacramento Division of this Court under Local Rule 120(d) because the acts and omissions that are the basis of this complaint occurred within Placer County.

## III.
## PARTIES

4.    Plaintiff Christopher Langley ("Langley") is a single male, age 41, who at the time of the events alleged below was an inmate at the Placer County jail in Auburn, California ("Auburn Jail").  Plaintiff Langley resides at 11797 Loma Rica Road, Marysville, CA 95648.

5.    Defendant Placer County, California, operates the Defendant Placer County Sheriff's Office ("PCSO") which is directly responsible for the staffing and operation of the Auburn Jail.

6.    Defendant Devon Bell is the Sheriff and is in command of the PCSO.

7.    Defendant Frank Domeier ("Domeier") is a deputy sheriff employed by the PCSO.  Domeier was working as a deputy sheriff at the Auburn Jail at the time of the events alleged below.

8.    Defendant McNamara ("McNamara"), whose first name is presently unknown to Plaintiff, is a male deputy sheriff employed by the PCSO.  McNamara was working as a deputy sheriff at the Auburn Jail at the time of the events alleged

3

below.

9.     The true names and capacities of defendants sued herein as Does 1-30, inclusive, whether individual, corporate, or otherwise are unknown to Plaintiff who, therefore sues such defendants by such fictitious names. When their true names and capacities are ascertained, Plaintiff will amend this complaint by asserting their true names and capacities herein.  Plaintiff is informed, believes and thereon alleges, that at all times herein mentioned, all defendants, including DOES 1 through 30, inclusive: (i) are qualified to do business in California, and/or did, in fact, do business in California; (ii) jointly perpetrated the acts herein with their co-defendants; (iii) were the successors in interest to, or agents, alter egos, principals, co-tenants, partners, joint venturers, or co-conspirators of their co-defendants in doing the things herein alleged; and/or (iv) were acting within the scope of their authority or in furtherance of a common scheme or design with the knowledge, permission, consent or ratification of their co-defendants in doing the things herein alleged, and therefore are liable, jointly and severally, for all damages and other relief or remedies sought by complainants in this action.

## IV.
## BACKGROUND ALLEGATIONS

### Duties of Placer County and the Placer County Sheriff's Office

10.     Placer County and the PCSO are obligated to have policies, practices, and procedures to: (a) prevent the unlawful use of force against inmates; and (b) provide timely and effectively response to the medical needs of inmates ("PPPs").

11.     Placer County and the PCSO are obligated to adequately train their deputy sheriffs and other correctional officers: (a) in the lawful use of force with inmates; and (b) the timely and effectively response to the medical needs of inmates.

12.     Placer County and the PCSO are obligated to adequately supervise their deputy sheriffs and correctional officers to verify the effectiveness and enforcement of the PPPs and training in the: (a) lawful use of force with inmates; and (b) provision of timely and effective response to the medical needs of inmates.

13.     Placer County and the PCSO maintain a video surveillance system at the Auburn Jail ("VSS").  Plaintiff is informed and believes, and on that basis alleges, that the VSS was installed, in part, to verify that the PPPs are being followed, that training has been adequate, and that supervisors are monitoring the conduct of deputies and other correctional officers in the lawful use of force and the provision of timely and effective medical response for all inmates.  Plaintiff is further informed and believes, and on that basis alleges, that the VSS also provides a ready means for the PCSO to investigate inmate complaints about these matters.

14.     Plaintiff is informed and believes, and based thereon alleges, that there is a custom and practice among the deputies in the PCSO, known in the vernacular of police culture as the "blue wall of silence" or "blue code" to keep secret the errors, misconduct, or crimes (including police brutality) of fellow officers.  Under federal and state constitutional and statutory law, Placer County and the PCSO have a duty to break down this "blue wall of silence" among their deputies and correctional officers so that the unlawful use of force is reported to superiors without

repercussions to non-offending deputies and correctional officers.

## The Unlawful Beating of Plaintiff Langley

15.     At about 1:15 pm on or about November 29, 2016 (the "Incident Date"),

Plaintiff was in Courtroom "13" of the Placer County Superior Court, Auburn Jail

Division.  Plaintiff was in handcuffs.  Plaintiff was awaiting an appearance before

the Court when he uncontrollably became sleepy and could not remain awake for

his appearance.

16.     Defendant Domeier removed Plaintiff from Courtroom 13 and placed him in a

holding cell located just outside of the courtroom.  Plaintiff is informed and believes,

and on that basis alleges that this was "Cell 2".  Plaintiff remained handcuffed and

he laid down on his right side on a concrete bench in the cell.   Plaintiff drifted in

and out of sleep for approximately a few minutes.  Defendant Domeier at first left

the holding cell, but then came back into the holding cell.  Plaintiff's best

recollection was that Defendant Domeier left and came back in 3-5 minutes.

17.     When Defendant Domeier returned to the holding cell, he violently set upon

Plaintiff even though Plaintiff was handcuffed and lying down and said nothing.

Defendant Domeier grabbed Plaintiff by the front of his shirt, slammed Plaintiff to

the concrete floor, and then pushed his head against the concrete.  Defendant

Domeier further struck Plaintiff multiple times by jumping down with his knees

onto Plaintiff's upper body and hips.  Plaintiff yelled out "why are you assaulting

me".  Being handcuffed, Plaintiff could not defend himself.

18.     Plaintiff then felt a second person come down on his legs.  Defendant

6

Domeier and this second person, later identified as Defendant McNamara, then picked up Plaintiff from the floor and shoved him into the wall.  Defendant Domeier and Defendant McNamara, each took one arm and led to Plaintiff to door #49. While Plaintiff was being led to door #49, Defendant Domeier used his hand to squeeze the back of Plaintiff's neck.  When they got to door #49, Defendant Domeier shoved Plaintiff into the doorframe.  Plaintiff asked Defendant Domeier why he was hurting him and Defendant Domeier then squeezed even harder on Plaintiff's neck and forced Plaintiff's face into the doorframe.

19.     Defendants Domeier and McNamara then led Plaintiff into Cell 26 or 27 and forced him into the wall.  Defendants took off the handcuffs and left Plaintiff in this cell.  As a result of the conduct of Defendants Domeier and McNamara, Plaintiff sustained injuries to his right side, neck, back, hip, shoulder and ribs ("Injuries").

### The Failure to Provide Timely or Adequate Medical Response

20.     While in Cell 26 or 27 later on the Incident Date, Plaintiff asked for medical attention for his Injuries.  Plaintiff did not receive any medical attention.  Plaintiff was given a sack lunch around dinner time.  Plaintiff again asked for medical attention for his Injuries.  Plaintiff was told that medical had been notified and that Plaintiff would be seen when medical "had time".

21.     Later that evening, Plaintiff was moved to housing unit P466.  Plaintiff used the intercom to again tell the deputies on watch that he needed medical attention. Plaintiff was told that he needed to submit a "blue" sick call slip.  Plaintiff submitted a blue slip and was told again that he would be seen when medical was

not busy.  Plaintiff was not seen by medical for several days.

22.    A nurse ("Nurse Steve") saw Plaintiff several days after he had put in his blue slip request.  Plaintiff reported his Injuries to Nurse Steve.  Nurse Steve took notes and told Plaintiff that a Dr. Goldsmith would see him.  Plaintiff was not seen by Dr. Goldsmith until on or about December 15th to 20th, 2016 (the correct date t/b/d after inspection of Plaintiff's medical file).  Dr. Goldsmith prescribed non-opiate pain medication and ordered x-rays.

23.    In late June or July 2017, after months of delay, Plaintiff was finally scheduled for an MRI scan for certain of his Injuries sometime. However, when Plaintiff was taken to the local hospital for the MRI scan, the PCSO deputy who transported Plaintiff refused to remove the handcuffs on Plaintiff when the hospital personnel were ready to perform the scan.  Due to the requirement that no magnetic materials be on or in the person receiving an MRI scan, the medical facility refused to perform the MRI scan.  The deputy then returned Plaintiff to the Auburn Jail.  As of the time of filing this First Amended Complaint, the MRI has not been re-scheduled.

24.    Plaintiffs pain and disability arising from the Injuries has continued unabated up to the time of filing this First Amended Complaint.  Plaintiff has had to submit "blue slips" on multiple occasions.  Plaintiff has not been given the pain medication as prescribed.  Plaintiff has not received any other treatment for his Injuries.  Plaintiff has repeatedly asked for a copy of his medical file, but he has never received a copy.  Plaintiff asked for his medical file because he wanted to: (a)

confirm the diagnosis of the Injuries; (b) confirm if he was timely receiving the treatment by his doctors; and (c) have his medical file reviewed by legal counsel so that he might obtain further diagnosis and treatment for the Injuries.  Plaintiff has been repeatedly denied a copy of his medical records as of the filing of this First Amended Complaint.

## The Pattern of Unlawful Use of Force Against Inmates

25.    Plaintiff has become aware of other similar instances of unlawful use of force by PCSO deputies and other correctional officers against inmates at the Auburn Jail.  One example of this pattern of wrongful conduct by Placer County and the PCSO is the claim by a Mr. Brendan Coleman for a very similar violations as set forth in Exhibit 1, a true and correct copy of Mr. Coleman's tort claim filed with Placer County.

26.    Plaintiff is informed and believes, and on that basis alleges, that there has been a group of deputies working at the Auburn Jail that have frequently engaged in unlawful violence against inmates, sometimes individually and sometimes collectively.  Plaintiff is further informed and believes, and on that basis alleges, that these deputies have abided by the "blue wall of silence" and neither stopped nor reported each other's unlawful conduct.  Plaintiff is further informed and believes, and on that basis alleges, that Defendant Sheriff Devon Bell, has known about the "blue wall of silence" being followed by his deputies and officers and has been aware of many, if not all, of the complaints of unlawful violence by inmates.

## The Pattern of Inadequate Medical Response to Inmates

27.   Plaintiff is informed and believes, and on that basis alleges, that there has been a group of deputies working at the Auburn Jail that have frequently ignored or paid inadequate attention to the timely medical needs of inmates. Plaintiff is further informed and believes, and on that basis alleges, that Defendant Sheriff Devon Bell, has known about the inadequate and untimely attention by PCSO personnel to the medical needs of inmates.

28.   On or about May 31, 2017, Defendant Devon Bell, speaking as the Sheriff of Placer County, gave a press conference at which he announced that three deputies who worked at the Auburn Jail had been terminated as employees and arrested and charged under PC §118.1 and PC §149 ("Press Conference").  A true and correct copy of the article in the Sacramento Bee about the Press Conference is attached hereto as Exhibit 2.  At  the Press Conference Sheriff Bell stated, *inter alia*:

"[the] conduct was limited to a very small number of people";

"We discovered this ourselves"; and

"We investigated it ... and we made arrests."

## The Timely Filing of a Tort Claim by Plaintiff

29.   On or about February 1, 2017, Plaintiff filed a claim against Placer County for the injuries he suffered as described in paragraphs 15-16, above.  A true and correct copy of this tort claim is attached hereto as Exhibit 3.

30.   On or about February 27, 2017, Placer County rejected Plaintiff's claim by letter.  A true and correct copy of this rejection is attached hereto as Exhibit 4.

10

## Complaint to the PCSO

31.     On multiple dates Plaintiff filed complaints about the wrongful conduct of Defendant Domeier and McNamara with the PCSO, including or about December 31, 2016, January 18, 2017, January 29, 2017, and April 11, 2017.   On or about April 25, 2017, the PCSO wrote to Plaintiff and told him that, after conducting a thorough review", the PCSO found that Defendant Domeier acted "within the law." A true and correct copy of the letter from the PCSO is attached hereto as Exhibit 5.

## Exhaustion of Remedies

32.     Plaintiff has exhausted all of his administrative remedies for the foregoing allegations as required by 42 U.S.C. §1997e(a), the Prison Litigation Reform Act.

V

**Claims For Violation of Federal Civil Rights Under 42 U.S.C. §1983 and §1985(c)**

**FIRST CAUSE OF ACTION**

**Defendants Domeier and McNamara**

**Individual Liability for Violation of Plaintiff's Constitutional Rights
(Unlawful Use of Force) Under 42 U.S.C . §1983**

33.    Plaintiff hereby incorporates by reference paragraphs 1 through 32, inclusive, as though set forth fully herein.

34.    Defendants Domeier and McNamara committed acts of unprovoked, unwarranted and extreme violence upon Plaintiff Langley.  This was a violation of : (a) Plaintiff's substantive due process right to be free of punishment prior to adjudication of the pending charges against Mr. Langley; and/or (b) the U.S. Constitution's Eight Amendment prohibition of cruel and unusual punishment.

35.    The foregoing conduct of Defendants Domeier and McNamara were acts and omissions under the color of state law that was the direct and proximate cause of the violation of the constitutional rights of Plaintiff Langley.

36.    As a direct and proximate result of the wrongful conduct of Defendants Domeier and McNamara as set forth above, Plaintiff Langley has sustained general damages of an estimated $300,000, according to proof, including, but not limited to: (a) the serious physical pain and suffering from the Injuries; (b) the severe emotional and mental distress caused by the beating and rough handling while handcuffed and shackled and the inability to defend himself, including feelings of anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the

cost of medical treatment; and (d) the cost of emotional and psychological therapy. Plaintiff will be better able to determine the amount of his damages after his Injuries are treated and his medical history determined.

37.     As a direct and proximate result of the wrongful conduct of Defendants Domeier and McNamara as set forth above, Plaintiff Langley has been forced to file this action under 42 U.S.C. §1983, and is entitled to recover his attorneys fees and costs under 42 U.S.C. §1988.

38.     The foregoing acts and omissions of Defendant Domeier and McNamara were committed with unbridled malice that was despicable and done with intentional disregard for Plaintiff's physical and mental person.  As a result, punitive damages should be awarded against Defendants Domeier and McNamara.

## SECOND CAUSE OF ACTION

### Defendant Sheriff Devon Bell and Does 1-10

### Supervisory Liability for Violation Of Plaintiff's Constitutional Rights (Unlawful Use of Force) Under 42 U.S.C . §1983

39.     Plaintiff hereby incorporates by reference paragraphs 1 through 32, inclusive, as though set forth fully herein.

40.     Defendants Does 1-10 are Placer County and/or PCSO employees or contractors that have responsibility for the: (a) supervision and training of PCSO deputies and other correctional officers in the lawful use of force at the Auburn Jail; (b) enforcement of the PPPs concerning the lawful use of force at the Auburn Jail; (c) evaluation of the effectiveness of the PPPs concerning the lawful use of force;

13

and (d) investigation of inmate complaints about unlawful use of force at the Auburn Jail ("Supervisory Duties").  At all relevant times, Defendants Sheriff Devon Bell and Does 1-10 had a variety of tools and means for performing the Supervisory Duties, including the VSS, that were sufficient to the task.

41.     There has been an ongoing pattern of complaints by inmates about the unlawful use of force against them as alleged in paragraph 25.  These inmate complaints put Defendants Sheriff Devon Bell and Does 1-10 on notice that there may have been a pattern of unlawful use of force among the deputies and correctional officers at the Auburn Jail.

42.     Plaintiff is informed and believes, and on that basis alleges, that despite having the tools and means for fulfilling their Supervisory Duties, and despite having been put on notice that there was a problem with the unlawful use of force at the Auburn Jail, Defendants Sheriff Devon Bell and Does 1-10 repeatedly failed to perform their Supervisory Duties.  Plaintiff is further informed and believes, and on that basis alleges, that if Defendants Sheriff Devon Bell and Does 1-10 had performed the Supervisory Duties, they would have learned about and been able to prevent multiple instances of unlawful use of force against inmates, including the unlawful use of force against Plaintiff Langley.

43.     Plaintiff is informed and believes, and on that basis alleges, that Defendants Sheriff Devon Bell and Does 1-10 knew about the "blue wall of silence" or "blue code" among the PCSO deputies and other correctional officers.   This awareness of the "blue wall of silence" should have caused Defendants Sheriff Devon Bell and

Does 1-10 to take extra measures in performing their Supervisory Duties to prevent the unlawful use of force against inmates. Plaintiff is informed and believes, and on that basis alleges, that Defendants Sheriff Devon Bell and Does 1-10 failed to eliminate or even minimize the "blue wall of silence" so that instances of unlawful use of force at the Auburn Jail would be reported, including the unlawful use of force against Plaintiff Langley.

44.     Plaintiff is informed and believes, and on that basis alleges, that Defendants Sheriff Devon Bell and Does 1-10 knew about the unlawful use of force against inmates at the Auburn Jail, including the unlawful use of force against Plaintiff Langley. Plaintiff is informed and believes, and on that basis alleges, that Defendants Sheriff Devon Bell and Does 1-10 engaged in an active cover up of the unlawful use of force at the Auburn Jail and that the Press Conference was part of an active effort to conceal the unlawful use of force against inmates from the public, including the unlawful use of force against Plaintiff Langley and Mr. Coleman, both of which had been reported to these Defendants months before the Press Conference.

45.     The foregoing failures were actions and omissions of Defendants Sheriff Devon Bell and Does 1-10 under done the color of state law. These acts and omissions were done with callous disregard for the rights of inmates at the Auburn Jail, including Plaintiff Langley and were the direct and proximate cause of the violation of the constitutional rights of Plaintiff Langley.

46.     As a direct and proximate result of the wrongful conduct of Defendants

15

Sheriff Devon Bell and Does 1-10 as set forth above, Plaintiff Langley has sustained general damages of an estimated $300,000, according to proof, including, but not limited to: (a) the serious physical pain and suffering from the Injuries; and (b) the severe emotional and mental distress caused by the beating and rough handling while handcuffed and shackled and the inability to defend himself, including feelings of anxiety, humiliation, and the loss of a sense of security, dignity, and pride.  Plaintiff will be better able to determine the amount of his damages after his Injuries are treated and his medical history determined.

47.    As a direct and proximate result of the wrongful conduct of Defendant Defendants Sheriff Devon Bell and Does 1-10 as set forth above, Plaintiff Langley has been forced to file this action under 42 U.S.C. §1983, and is entitled to recover his attorneys fees and costs under 42 U.S.C. §1988.

## THIRD  CAUSE OF ACTION

### Defendants Placer County and the PCSO

### Municipal Liability for Violation Of Plaintiff's Constitutional Rights (Unlawful Use of Force) Under 42 U.S.C . §1983

48.    Plaintiff hereby incorporates by reference paragraphs 1 through 32, inclusive, as though set forth fully herein.

49.    Plaintiffs is informed and believes, and on that basis alleges, that there has been a pattern of unlawful use of force against inmates by PCSO deputies and/or other correctional officers at the Auburn Jail, including the allegations by Plaintiff Langley, Mr. Coleman (alleged in paragraph 25), and those instances publicly

disclosed by Defendant Sheriff Devon Bell at the Press Conference (alleged in paragraph 28).

50.     Plaintiffs is informed and believes, and on that basis alleges, that Defendants Placer County and the PCSO have had full knowledge of this pattern of unlawful use of force against inmates because they have received numerous complaints and tort claims for unlawful use of force against inmates over a period of years, including the complaints and claims by Plaintiff Langley and Mr. Coleman.

51.     Plaintiffs is informed and believes, and on that basis alleges, that Defendants Placer County and the PCSO  have knowingly failed to properly investigate such complaints or cause the PCSO Sheriff and/or Does 1-10 to conduct a thorough investigation into the complaints and make a full and complete report to Placer County and the PCSO.

52.     Plaintiffs is informed and believes, and on that basis alleges, that Defendants Placer County and the PCSO have routinely denied any allegations of unlawful use of force against inmates without a thorough investigation.

53.     Plaintiffs is informed and believes, and on that basis alleges, that Defendants Placer County and the PCSO have known about the "blue wall of silence" or "blue code" among PCSO deputies and other correctional officers.   This awareness of the "blue wall of silence" should have caused Defendants Placer County and the PCSO to take extra measures to investigate and prevent the unlawful use of force against inmates.  Plaintiff is informed and believes, and on that basis alleges, that Defendants Placer County and the PCSO failed to take any measures to eliminate

or even minimize the "blue wall of silence".

54.     Plaintiffs is informed and believes, and on that basis alleges, that Defendants Placer County and the PCSO have failed to effectively supervise the Defendants Sheriff Devon Bell and Does 1-10 about the use of force against inmates.

55.     Plaintiffs is informed and believes, and on that basis alleges, that Defendants Placer County and the PCSO have failed to provide for adequate training of PCSO deputies and correctional officers at the Auburn jail in the lawful use of force.

56.     The foregoing acts and omission by Defendants Placer County and the PCSO in paragraphs 49-55  have become the *de facto* custom, policy, and practice of Defendants Placer County and the PCSO.  This custom, policy and practice constitutes a deliberate indifference to, or indeed a callous disregard for, the constitutional rights of inmates, including Plaintiff Langley, to be free from the unlawful use of force at the Auburn Jail.

57.     The foregoing pattern of wrongful conduct by Defendants Placer County and the PCSO made it far more likely that a PCSO deputy or correctional officer would violate the right of an inmate, including that of Plaintiff, to be free from unwarranted bodily harm and cruel and unusual punishment as protected by the 4th, 8th, and/or the 14th Amendment to the United States Constitution.

58.     The foregoing acts and omissions by Defendants Placer County and the PCSO were done under the color of state law and were the direct and proximate cause of the violation of the constitutional rights of Plaintiff Langley.

59.     As a direct and proximate result of the foregoing wrongful conduct of

18

Defendants Placer County and the PCSO, Plaintiff Langley has sustained general damages of an estimated $300,000, according to proof, including, but not limited to: (a) the serious physical pain and suffering from the Injuries; and (b) the severe emotional and mental distress caused by the beating and rough handling while handcuffed and shackled and the inability to defend himself, including feelings of anxiety, humiliation, and the loss of a sense of security, dignity, and pride.  Plaintiff will be better able to determine the amount of his damages after his Injuries are treated and his medical history determined.

60.     As a direct and proximate result of the foregoing wrongful conduct of Defendants Placer County and the PCSO, Plaintiff Langley has been forced to file this action under 42 U.S.C. §1983, and is entitled to recover his attorneys fees and costs under 42 U.S.C. §1988.

## FOURTH CAUSE OF ACTION

### Defendants Placer County, PCSO, Sheriff Devon Bell and Does 1-10

### Conspiracy to Violate Plaintiff's Constitutional Rights
### (Unlawful Use of Force) Under 42 U.S.C . §1985(c)

61.     Plaintiff hereby incorporates by reference paragraphs 1 through 32, inclusive, as though set forth fully herein.

62.     Plaintiff is informed and believes, and thereon alleges, that Defendants Placer County, the PCSO, Sheriff Devon Bell, and Does 1-10 agreed and knowingly and willfully conspired among themselves to perpetrate the unlawful conduct described in paragraphs 40-44 and 49-57.

19

63.   As a direct and proximate result of the foregoing conspiracy, Plaintiff Langley has sustained general damages of an estimated $300,000, according to proof, including, but not limited to: (a) the serious physical pain and suffering from the Injuries; and (b) the severe emotional and mental distress caused by the beating and rough handling while handcuffed and shackled and the inability to defend himself, including feelings of anxiety, humiliation, and the loss of a sense of security, dignity, and pride.  Plaintiff will be better able to determine the amount of his damages after his Injuries are treated and his medical history determined.

64.   As a direct and proximate result of the foregoing wrongful conduct, Plaintiff Langley has been forced to file this action under 42 U.S.C. §1985, and is entitled to recover his attorneys fees and costs under 42 U.S.C. §1988.

## FIFTH CAUSE OF ACTION

### Defendant Individual Does 11-20

### Individual Liability for Violation of Plaintiff's Constitutional Rights (Inadequate Medical Response) Under 42 U.S.C . §1983

65.   Plaintiff hereby incorporates by reference paragraphs 1 through 32, inclusive, as though set forth fully herein.

66.   Defendant Does 11-20 are individuals employed and/or contracted by Placer County and/or the PCSO to monitor and respond to the medical needs of inmates at the Auburn Jail, including deputies and other correctional officers, nurses, and supervisors.  Defendant Does 11-20 committed acts and omissions of deliberate indifference to the serious medical needs of Plaintiff as described in paragraphs 20

through 24.  This was a violation of: (a) Plaintiff's substantive due process right to

be free of punishment prior to adjudication of the charges against Mr. Langley;

and/or (b) the U.S. Constitution's Eight Amendment prohibition of cruel and

unusual punishment.

67.    The foregoing conduct of Does 11-20 were acts and omissions under the color

of state law that was the direct and proximate cause of the violation of the

constitutional rights of Plaintiff Langley.

68.    As a direct and proximate result of the wrongful conduct of Defendant Does

11-20 as set forth above, Plaintiff Langley has sustained general damages of an

estimated $200,000, according to proof, including, but not limited to: (a) the serious

physical pain and suffering from the failure to treat the Injuries; (b) the severe

emotional and mental distress caused by the failure to treat the Injuries, including

feelings of anxiety, humiliation, and the loss of a sense of security, dignity, and

pride; (c) the additional cost of medical treatment caused by the failure to treat

Injuries; and (d) the cost of emotional and psychological therapy for the failure to

treat the Injuries. Plaintiff will be better able to determine the amount of his

damages after his Injuries are treated and his medical history determined.

69.    As a direct and proximate result of the wrongful conduct of Defendant Does

11-20 as set forth above, Plaintiff Langley has been forced to file this action under

42 U.S.C. §1983, and is entitled to recover his attorneys fees and costs under 42

U.S.C. §1988.

70.    The foregoing acts and omissions of Defendant Does 11-20 were committed

with unbridled malice that was despicable and done with intentional disregard for Plaintiff's physical and mental person.  As a result, punitive damages should be awarded against Defendant Does 11-20.

**SIXTH CAUSE OF ACTION**

**Defendants Devon Bell, and Does 21-30**

**Supervisory Liability for Violation Of Plaintiff's Constitutional Rights**
**(Inadequate Medical Response) Under 42 U.S.C . §1983**

71.     Plaintiff hereby incorporates by reference paragraphs 1 through 32, inclusive, as though set forth fully herein.

72.     Defendant Does 21-30 are Placer County and/or PCSO employees or contractors that have responsible for: (a) supervision and training of PCSO deputies and other correctional officers about medical response to inmates at the Auburn Jail; (b) enforcement of the PPPs relating to medical response to inmates at the Auburn Jail; (c) evaluation of the effectiveness of the PPPs relating to medical response to inmates at the Auburn Jail; and (d) investigation of the complaints from inmates about inadequate medical response to inmates at the Auburn Jail ("Medical Supervisory Duties").  At all relevant times, Defendants Sheriff Devon Bell and Does 21-30 had a variety of tools and means for the Medical Response Supervision.

73.     There has been an ongoing pattern of complaints by inmates about the inadequate medical response to inmates alleged in paragraph 27.  These inmate complaints put Defendants Sheriff Devon Bell and Does 21-30 on notice that there may have been a pattern of unlawful use of force among the deputies and

correctional officers at the Auburn Jail.

74.    Plaintiff is informed and believes, and on that basis alleges, that despite having the tools and means for fulfilling their Medical Supervisory Duties, and despite having been put on notice that there was a problem with inadequate response to medical needs of inmates at the Auburn Jail, Defendants Sheriff Devon Bell and Does 21-30 repeatedly failed to perform their Medical Supervisory Duties. Plaintiff is further informed and believes, and on that basis alleges, that if Defendants Sheriff Devon Bell and Does 21-30 had performed the Medical Supervisory Duties, they would have learned about and been able to prevent multiple instances of inadequate medical response to inmates, including the inadequate medical response for Plaintiff Langley.

75.    Plaintiff is informed and believes, and on that basis alleges, that Defendants Sheriff Devon Bell and Does 21-30 knew about the "blue wall of silence" or "blue code" among the PCSO deputies and other correctional officers.   This awareness of the "blue wall of silence" should have caused Defendants Sheriff Devon Bell and Does 21-30 to take extra measures in performing their Medical Supervisory Duties to prevent the inadequate medical response for inmates.  Plaintiff is informed and believes, and on that basis alleges, that Defendants Sheriff Devon Bell and Does 21-30 failed to eliminate or even minimize the "blue wall of silence" so that instances of inadequate medical response at the Auburn Jail would be reported, including the inadequate medical response for Plaintiff Langley.

76.    Plaintiff is informed and believes, and on that basis alleges, that Defendants

23

Sheriff Devon Bell and Does 21-30 knew about the inadequate medical response for inmates at the Auburn Jail, including the inadequate medical response for Plaintiff Langley.  Plaintiff is informed and believes, and on that basis alleges, that Defendants Sheriff Devon Bell and Does 21-30 engaged in a cover up of the inadequate medical response for inmates at the Auburn Jail.

77.    The foregoing failures were actions and omissions of Defendants Sheriff Devon Bell and Does 21-30 were done under the color of state law.  These acts and omissions were done with callous disregard for the rights of inmates at the Auburn Jail, including Plaintiff Langley and were the direct and proximate cause of the violation of the constitutional rights of Plaintiff Langley.

78.    As a direct and proximate result of the wrongful conduct of Defendants Sheriff Devon Bell and Does 21-30 as set forth above, Plaintiff Langley has sustained general damages of an estimated $200,000, according to proof, including, but not limited to: (a) the serious physical pain and suffering from the failure to treat the Injuries; (b) the severe emotional and mental distress caused by the failure to treat the Injuries, including feelings of anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the additional cost of medical treatment caused by the failure to treat Injuries; and (d) the cost of emotional and psychological therapy for the failure to treat the Injuries. Plaintiff will be better able to determine the amount of his damages after his Injuries are treated and his medical history determined.

79.    As a direct and proximate result of the wrongful conduct of Defendant

Defendants Sheriff Devon Bell and Does 21-30 as set forth above, Plaintiff Langley

has been forced to file this action under 42 U.S.C. §1983, and is entitled to recover

his attorneys fees and costs under 42 U.S.C. §1988.

## SEVENTH  CAUSE OF ACTION

### Defendants Placer County and the PCSO

### Municipal Liability for Violation Of Plaintiff's Constitutional Rights (In adequate Medical Response) Under 42 U.S.C . §1983

80.    Plaintiff hereby incorporates by reference paragraphs 1 through 32, inclusive,

as though set forth fully herein.

81.    Plaintiffs is informed and believes, and on that basis alleges, that there has

been a pattern of inadequate medical response for inmates by PCSO deputies and/or

other correctional officers at the Auburn Jail, including the allegations by Plaintiff

Langley.

82.    Plaintiff is informed and believes, and on that basis alleges, that Defendants

Placer County and the PCSO have had full knowledge of this pattern of unlawful

use of force against inmates because they have received numerous complaints

and/or tort claims for inadequate medical response for inmates over a period of

years, including the complaints and claims by Plaintiff Langley.

83.    Plaintiffs is informed and believes, and on that basis alleges, that Defendants

Placer County and the PCSO  have knowingly failed to properly investigate such

complaints or cause the PCSO Sheriff and/or Does 1-10 to conduct a thorough

investigation into the complaints and make a full and complete report to Placer

25

1   County and the PCSO.

2   84.     Plaintiffs is informed and believes, and on that basis alleges, that Defendants
3
4   Placer County and the PCSO have routinely denied any allegations of inadequate
5   medical response for inmates without a thorough investigation.

6   85.     Plaintiffs is informed and believes, and on that basis alleges, that Defendants
7   Placer County and the PCSO have known about the "blue wall of silence" or "blue
8
9   code" among PCSO deputies and other correctional officers.   This awareness of the
10  "blue wall of silence" should have caused Defendants Placer County and the PCSO
11  to take extra measures to investigate and prevent the inadequate medical response
12
13  for inmates.  Plaintiff is informed and believes, and on that basis alleges, that
14  Defendants Placer County and the PCSO failed to take any measures to eliminate
15  or even minimize the "blue wall of silence".

16  86.     Plaintiffs is informed and believes, and on that basis alleges, that Defendants
17  Placer County and the PCSO have failed to effectively supervise the Defendants
18
19  Sheriff Devon Bell and Does 11-20 about providing adequate medical response to
20  inmates.

21  87.     Plaintiffs is informed and believes, and on that basis alleges, that Defendants
22  Placer County and the PCSO have failed to provide for adequate training of PCSO
23
24  deputies and correctional officers at the Auburn jail in providing adequate medical
25  response to inmates.

26  88.     The foregoing acts and omission by Defendants Placer County and the PCSO
27  in paragraphs 49-55  have become the *de facto* custom, policy, and practice of

28                                          26

Defendants Placer County and the PCSO.  This custom, policy and practice constitutes a deliberate indifference to, or indeed a callous disregard for, the constitutional rights of inmates, including Plaintiff Langley, to be free from the inadequate medical response to inmates at the Auburn Jail.

89.     The foregoing pattern of wrongful conduct by Defendants Placer County and the PCSO made it far more likely that a PCSO deputy or correctional officer would violate the right of an inmate, including that of Plaintiff, to receive adequate medical response as required by the 4th, 8th, and/or the 14th Amendment to the United States Constitution.

90.     The foregoing acts and omissions by Defendants Placer County and the PCSO were done under the color of state law and were the direct and proximate cause of the violation of the constitutional rights of Plaintiff Langley.

91.     As a direct and proximate result of the foregoing wrongful conduct of Defendants Placer County and the PCSO, Plaintiff Langley has sustained general damages of an estimated $200,000, according to proof, including, but not limited to: (a) the serious physical pain and suffering from the failure to treat the Injuries; (b) the severe emotional and mental distress caused by the failure to treat the Injuries, including feelings of anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the additional cost of medical treatment caused by the failure to treat Injuries; and (d) the cost of emotional and psychological therapy for the failure to treat the Injuries. Plaintiff will be better able to determine the amount of his damages after his Injuries are treated and his medical history determined.

92.   As a direct and proximate result of the foregoing wrongful conduct of Defendants Placer County and the PCSO, Plaintiff Langley has been forced to file this action under 42 U.S.C. §1983, and is  entitled to recover his attorneys fees and costs under 42 U.S.C. §1988.

# VI.
## STATE LAW CLAIMS

### EIGHTH CAUSE OF ACTION

#### Defendants Domeier and McNamara

#### Assault and Battery

93.     Plaintiff hereby incorporates by reference paragraphs 1 through 32, inclusive, as though set forth fully herein.

94.     Defendants Domeier and McNamara with intent to cause harm, committed the acts described in paragraphs 15-19.

95.     Plaintiff Langley did not consent to the acts committed by Defendants Domeier and McNamara.  Indeed, Plaintiff Langley was at all times handcuffed, cooperative, and posed no threat to Defendants Domeier and McNamara.

96.     As the direct result of Defendant Domeier's acts as alleged in paragraphs 14-18, Plaintiff Langley was harmed.

97.     As a direct and proximate result of the wrongful conduct of Defendants Domeier and McNamara as set forth above, Plaintiff Langley has sustained general damages of an estimated $300,000, according to proof, including, but not limited to: (a) the serious physical pain and suffering from the Injuries; (b) the severe emotional and mental distress caused by the beating and rough handling while handcuffed and shackled and the inability to defend himself, including feelings of anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; and (d) the cost of emotional and psychological therapy.

Plaintiff will be better able to determine the amount of his damages after his Injuries are treated and his medical history determined.

98.     The foregoing acts and omissions of Defendants Domeier and McNamara were committed with unbridled malice that was despicable and done with intentional disregard for Plaintiff's physical and mental person.  As a result, punitive damages should be awarded against Defendants Domeier and McNamara.

## NINTH CAUSE OF ACTION

### Defendants Domeier and McNamara

### Intentional Infliction of Emotional Distress

99.     Plaintiff hereby incorporates by reference paragraphs 1 through 32, inclusive, as though set forth fully herein.

100.    The conduct of Defendants Domeier and McNamara described in paragraphs 15-19 was extreme and outrageous action directed at Plaintiff that was calculated to cause Plaintiff severe emotional distress, or was done with substantial certainty that Plaintiff would suffer severe emotional injury.

101.    As the direct result of Defendants Domeier's and McNamara's foregoing alleged conduct, Plaintiff Langley suffered severe emotional and psychological damage.

102.    As a direct and proximate result of the wrongful conduct of Defendants Domeier and McNamara as set forth above, Plaintiff Langley has sustained general damages of an estimated $300,000, according to proof, including, but not limited to: (a) severe emotional and mental distress, including feelings of anxiety, humiliation,

and the loss of a sense of security, dignity, and pride; (b) the cost of emotional and psychological therapy.  Plaintiff will be better able to determine the amount of his damages after his Injuries are treated and his medical history determined.

103.    The foregoing acts and omissions of Defendants Domeier and McNamara were committed with unbridled malice that was despicable and done with intentional disregard for Plaintiff's physical and mental person.  As a result, punitive damages should be awarded against Defendants Domeier and McNamara.

## TENTH CAUSE OF ACTION

### Defendants Domeier and McNamara

### Negligence

104.    Plaintiff hereby incorporates by reference paragraphs 1 through 32, inclusive, as though set forth fully herein.

105.    Defendants Domeier and McNamara each held position of authority over Plaintiff that gave him real authority to affect Plaintiff's person.  As a consequence of this authority, Defendants Domeier and McNamara had a duty to use reasonable force only as necessary to obtain Plaintiff's compliance with lawful orders.

106.    Both Defendants Domeier and McNamara breached the foregoing duty by committing the knowing acts described in paragraphs 15-19.

107.    As the direct result of Defendants Domeier's and McNamara's breach of duty, Plaintiff Langley suffered serious personal injury.

108.    As a direct and proximate result of the wrongful conduct of Defendants Domeier and McNamara as set forth above, Plaintiff Langley has sustained general

damages of an estimated $300,000, according to proof, including, but not limited to:

(a) the serious physical pain and suffering from the Injuries; (b) the severe

emotional and mental distress caused by the beating and rough handling while

handcuffed and shackled and the inability to defend himself, including feelings of

anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the

cost of medical treatment; and (d) the cost of emotional and psychological therapy.

Plaintiff will be better able to determine the amount of his damages after his

Injuries are treated and his medical history determined.

## ELEVENTH CAUSE OF ACTION

### Defendants Domeier and McNamara

### Interference With Plaintiff's Constitutional Rights
### Under California Civil Code 52.1(b)

109.    Plaintiff hereby incorporates by reference paragraphs 1 through 32,

inclusive, as though set forth fully herein.

110.    Defendants Domeier and McNamara committed an act of unprovoked,

unwarranted and violence upon Plaintiff Langley as alleged in paragraphs 15-19.

This was a violation of : (a) Plaintiff's substantive due process right to be free of

punishment prior to adjudication of the charges for which Mr. Langley was to

appear; and/or (b) the U.S. Constitution's Eight Amendment prohibition of cruel

and unusual punishment.

111.    As a direct and proximate result of the wrongful conduct of Defendants

Domeier and McNamara as set forth above, Plaintiff Langley has sustained general

32

damages of an estimated $300,000, according to proof, including, but not limited to: (a) the serious physical pain and suffering from the Injuries; (b) the severe emotional and mental distress caused by the beating and rough handling while handcuffed and shackled and the inability to defend himself, including feelings of anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; and (d) the cost of emotional and psychological therapy. Plaintiff will be better able to determine the amount of his damages after his Injuries are treated and his medical history determined.

112.    Pursuant to California Civil Code §52(a) and §52.1(b), Plaintiff Langley is entitled to treble the amount of consequential damages that are proven.

113.    As the direct and proximate result of the wrongful conduct of Defendants Domeier and McNamara as set forth above, Plaintiff Langley is entitled to recover his costs and attorneys fees under Civil Code § 52(b) and § 52.1(h).

**TWELFTH CAUSE OF ACTION**
**Defendants Placer County and the PCSO**
**Respondeat Superior Liability Under California**
**Government Code §815.2(a) and/or 815.6**

114.    Plaintiff hereby incorporates by reference paragraphs 1 through 32 and 94-96, 100-101, 105-107, and 110, inclusive, as though set forth fully herein.

115.    Defendants Placer County and the PCSO, as the employer of Defendants Domeier and McNamara, has full authority to train, supervise, and direct all of the actions of Defendants Domeier and McNamara while working for PCSO. Defendants Domeier and McNamara, in their capacity and in the performance of

their duties as a deputy sheriff, engaged in the acts and omissions alleged in paragraphs 94-96, 100-101, 105-107, and 110.

116.   Under California Government Code §815.2(a), Placer County the PCSO is liable for injury that is proximately caused by the act or omission of an employee within the scope of the employee's duties.

117.   Under California Government Code §815.6, Placer County the PCSO also has a duty to protect a jail inmate against the risk of: (a) assault and battery; (b) intentional infliction of emotional distress; (c) negligence; and (d) the interference with a constitutional right by means of threat, intimidation, or coercion by its employees.  Placer County and the PCSO failed to exercise reasonable diligence to discharge this duty and this failure was the proximate cause of Plaintiff Langley's injuries as alleged in paragraphs 15-19.

118.   As a direct and proximate result of the wrongful conduct of Defendants Placer County and the PCSO as set forth above, Plaintiff Langley has sustained general damages of an estimated $300,000, according to proof, including, but not limited to: (a) the serious physical pain and suffering from the Injuries; (b) the severe emotional and mental distress caused by the beating and rough handling while handcuffed and shackled and the inability to defend himself, including feelings of anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; and (d) the cost of emotional and psychological therapy.  Plaintiff will be better able to determine the amount of his damages after his Injuries are treated and his medical history determined.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRTEENTH CAUSE OF ACTION

**Defendants Placer County, the PCSO, Devon Bell, and Does 11-30**

**Individual, Supervisory and Municipal Liability Under California Government Code §45.6**

119.    Plaintiff hereby incorporates by reference paragraphs 1 through 32, 66, and 72-76, inclusive, as though set forth fully herein.

120.    As alleged in paragraph 66, Defendant Does 11-20 are individuals employed and/or contracted by Placer County and/or the PCSO to monitor and respond to the medical needs of inmates at the Auburn Jail, including deputies and other correctional officers, nurses, and supervisors.  As further alleged in paragraphs 20-24 and 66, Defendant Does 11-20 committed acts and omissions that are a proximate cause of the failure to adequately respond to the medical needs of Plaintiff.

121.    As alleged in paragraph 72, Defendant Does 21-30 are Placer County and/or PCSO employees or contractors that have responsible for: (a) supervision and training of PCSO deputies and other correctional officers about medical response to inmates at the Auburn Jail; (b) enforcement of the PPPs relating to medical response to inmates at the Auburn Jail; (c) evaluation of the effectiveness of the PPPs relating to medical response to inmates at the Auburn Jail; and (d) investigation of the complaints from inmates about inadequate medical response to inmates at the Auburn Jail; i.e., the Medical Supervisory Duties.

122.    As further alleges in paragraphs 27 and 73-76, Defendant Does 21-30 failed

to adequately perform their Medical Supervisory Duties and these failures are a further proximate cause of the failure to adequately respond to the medical needs of Plaintiff.

123.    Defendant Placer County and  PCSO are public entities that are liable for the actions of Does 11-30 pursuant to California Government Code § 845.6.

124.    As a direct and proximate result of the foregoing wrongful conduct of Defendants Placer County, the PCSO and Does 11-30, Plaintiff Langley has sustained general damages of an estimated $200,000, according to proof, including, but not limited to: (a) the serious physical pain and suffering from the untreated Injuries; (b) the severe emotional and mental distress caused by the untreated Injuries, including feelings of anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the additional cost of medical treatment for the untreated Injuries; and (d) the cost of emotional and psychological therapy for the untreated Injuries. Plaintiff will be better able to determine the amount of his damages after his Injuries are treated and his medical history determined.

# VII.
# PRAYER

**Wherefore**, Plaintiff prays for judgment against Defendants as follows:

1.      For general, consequential, and special damages in the sum set forth in each count according to proof;

2.      For punitive damages in a sum according to proof in counts One, Five, Eight and Nine;

3.      For reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988 in counts One through Seven;

4.      For reasonable attorney's fees and costs pursuant to California Civil Code §51 and §52 in count Eleven;

5.      For treble damages (3x consequential) in count Eleven;

6..     For cost of suit herein incurred for all counts; and

7.      For such other and further relief as the Court deems just and proper.

\\\

Dated: July 23, 2017                                    Respectfully,




                                                       By:  /s/  Patrick H. Dwyer
                                                       Patrick H. Dwyer, SBN 137743
                                                       P.O. Box 1705; 17318 Piper Lane
                                                       Penn Valley, CA  95946
                                                       Tel: (530) 432-5407
                                                       Fax: (530) 432-9122
                                                       pdwyer@pdwyerlaw.com

37